Argued and submitted July 1, affirmed September 17, 2003

David YOUNG,
*Plaintiff,*
*and*

Sharon McFARLAND,
*Appellant,*

*v.*

STATE OF OREGON,
*Respondent.*

97C-10933; A119237

77 P3d 321

John Hoag argued the cause and filed the brief for appellants.

Daniel J. Casey, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, P. J., and Haselton and Armstrong, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Plaintiff Sharon McFarland appeals a judgment awarding her overtime compensation from the state, arguing that the trial court erred in excluding an approximately four-month period of employment. We affirm.

This is one of several appeals that have arisen in the wake of the remand to the circuit court of *Young v. State of Oregon*, 161 Or App 32, 983 P2d 1044, *rev den*, 329 Or 447 (1999) (*Young I*). Plaintiff David Young initiated a class action seeking a declaration that he and other current and former state executive, administrative, supervisory, and professional employees are entitled to overtime compensation for work performed during an approximately two-year period under ORS 279.340(1) (1995), which provided, in part:

> "Labor directly employed by any public employer as defined in ORS 243.650 shall be compensated, if budgeted funds for such purpose are available, for overtime worked in excess of 40 hours in any one week, at not less than one and one-half times the regular rate of such employment."

The trial court dismissed the case, concluding that "white collar" employees are exempt from overtime compensation. We reversed and remanded, holding that no such exemption had been enacted by the legislature for state "white collar" employees for the relevant time period.[1] *Young I*, 161 Or App at 40.

On remand, the trial court certified a class and approved a process for submission and resolution of class members' claims for overtime compensation. The state disputed whether plaintiff McFarland was a state employee included within the class of individuals entitled to overtime compensation during the period from June 5 through October 8, 1995. The parties submitted the matter to the trial court on the following stipulated facts.

---

[1] At the relevant time, salaried state employees were not exempted from the overtime statute. ORS 279.342(5)(a) (1995). In 1997, however, the legislature amended the overtime statutes to exempt those workers from the overtime law. ORS 279.342(5)(a) (1997). Young sought overtime compensation for work performed during that two-year window.

In 1994, the Oregon Department of Education (department) entered into an intergovernmental agreement with Marion County Education Service District (ESD). The agreement provided that McFarland would provide services to the department as an education coordinator and specialist. The agreement further provided that the department would pay Marion County ESD for McFarland's services. Pursuant to the agreement, McFarland worked in a department building and was supervised by a department employee. She did not report to any Marion County ESD employee concerning her hours of work. She was not paid by the state, however. Instead, she was required to pick up her paychecks at the office of Marion County ESD. She continued working under that agreement until October 8, 1995. During that time, she worked more than 40 hours per week.

The trial court concluded that McFarland is not entitled to overtime compensation for the disputed period because she was not "directly employed" by the state. The court explained that, although McFarland was supervised by the department, she was paid by Marion County ESD. Therefore, the court concluded, she was not *directly* employed by the department.

On appeal, McFarland argues that, even though she was paid by Marion County ESD, she was "directly employed" by the department and entitled to overtime compensation. In support of her argument, McFarland relies on definitions of "employer" in other state and federal statutes. The state argues that those other definitions are not relevant to a determination whether McFarland was "directly employed" by the state within the meaning of ORS 279.340(1) (1995).

In *Young v. State of Oregon*, 177 Or App 295, 33 P3d 995 (2001) (*Young II*), we had occasion to consider the meaning of the term "directly employed" as it was used in ORS 279.340(1) (1995). In that case—another appeal from the same initial complaint that engendered this one—the issue was whether elected state officials who worked over 40 hours per week during the two-year period during which the statute was in effect were entitled to overtime compensation. We concluded that they were not, because they were not "directly

employed" by the state. We explained the meaning of the statute in the following terms:

> "By its terms, neither ORS 279.340 [(1995)] nor any other provision setting out requirements for hours of labor by public employees, ORS 279.334 [(1995)] to ORS 279.342 [(1995)], expressly states what is meant by the phrase 'directly employed' or indicates the categories of persons to whom the phrase applies. The plain meaning of the adverb 'directly' is 'without any intervening agency or instrumentality or determining influence : without any intermediate step.' *Webster's Third New Int'l Dictionary*, 641 (unabridged ed 1993). In turn, the verb 'intervene' means 'to occur, fall or come between points of time or events,' *id.* at 1183, and the words 'agency' and 'instrumentality' mean a thing by or through which an end is achieved. *Id.* at 40, 1172. The plain meaning of the verb 'employ' is 'to use or engage the services of' and 'to provide with a job that pays wages or a salary.' *Id.* at 743. To 'engage' is 'to provide occupation for' or 'to arrange to obtain the services of.' *Id.* at 751. To 'provide' is to supply or furnish. *Id.* at 1827. *Based on those plain meanings, we conclude that a public employer 'directly employ[s]' labor when the public employer itself, without any intermediate instrumentality or event, obtains or arranges to obtain the services of a person and thus furnishes that person for some time period with a job.*"

*Young II*, 177 Or App at 299 (emphasis added).

In light of our interpretation of the statute in *Young II*, it is clear that McFarland was not "directly employed" by the state within the meaning of ORS 279.340(1) (1995). The state did retain her services, but it did so through an "intermediate instrumentality," Marion County ESD. The contract, under the terms of which McFarland provided services to the department, was not between the department and her directly. Instead, the contract was between the department and Marion County ESD, which, in turn, made McFarland available to the department and paid her for the services that she provided.

McFarland's reliance on broad definitions of "employer" in other state and federal statutes is unavailing. ORS 279.340(1) (1995) requires that the worker be "*directly* employed" by the state. (Emphasis added.) Given the terms

of the agreement that governed her employment, we cannot agree that she was "directly employed" by the state.

Affirmed.